[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]

United States Court of Appeals
For the First Circuit

No. 98-1366

GORDON C. REID,

Plaintiff, Appellant,

v.

GARY SIMMONS, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Selya, Circuit Judge,
Cyr, Senior Circuit Judge,
and Lynch, Circuit Judge.

Gordon C. Reid on brief pro se.
Robert G. Whaland and McDonough & O'Shaughnessy, P.A. on brief
for appellees.

April 15, 1999

Per Curiam. This case returns to us following our remand
in Reid v. New Hampshire, 56 F.3d 332 (1st Cir. 1995) (Reid I). 
Plaintiff Gordon C. Reid, appearing pro se, appeals from an order
that granted the defendants' motion for summary judgment on a
compendium of claims under both federal and state law. Having
thoroughly reviewed the record and the parties' briefs, we affirm
the district court's well-considered opinion in all respects but
one.
We first discuss all of Reid's claims, save for his
Brady-based claim that the defendant Simmons failed to disclose two
exculpatory police reports to state prosecutors. On this group of
claims, brevis disposition was appropriate. We need not linger,
for the district court's opinion touches the relevant bases. We
therefore affirm for substantially the reasons set forth by Judge
McAuliffe, adding only a brief comment.
The proof of probable cause is not diluted past the point
of no recall either by the evidence of Misty's past sexual abuse
and emotional problems, or by the fact that her mother had been
investigated for child abuse. In turn, the sufficiency of the
probable cause evidence defeats Reid's false arrest, malicious
prosecution, and negligence claims. Moreover, since Reid failed to
adduce any evidence of a conspiracy, summary judgment with respect
to that claim also was proper. Hence, we affirm the entry of
summary judgment in all these respects.
We are left with the Brady-based claim, which has force
only as to defendant Simmons. On that claim, we vacate the summary
judgment and reinstate the claim for further proceedings in the
district court, aimed at ascertaining whether Simmons failed to
disclose to the prosecutors who tried the underlying criminal case
against Reid the two exculpatory reports, dated December 20, 1985
and April 4, 1986, respectively, that he (Simmons) had authored in
the course of police investigation.
We reach this result because the district court resolved
this claim by finding it "undisputed" that Simmons "openly
discussed" these reports at Reid's probable cause hearing. The
record refutes this finding. Indeed, the fact of such disclosure,
as well as its nature and extent (if any), were hotly disputed. 
This dispute is amply evidenced by the affidavit that Reid filed in
opposition to the defendants' motion for summary judgment (original
paper #251, Affidavit (2) of Gordon Reid, 10-12) and by paragraph
10 of an earlier affidavit that Reid filed in response to the
defendants' initial motion for summary judgment (incorporated by
reference in Reid's opposition to the later dispositive motion),
see Reid I, 56 F.3d at 340 n.17 (describing earlier affidavit). 
Thus, summary judgment was insupportable on the district court's
stated rationale.
To be sure, Simmons made several other arguments in
search of summary judgment on this claim. We have canvassed these
arguments, see Hachikian v. FDIC, 96 F.3d 502, 504 (1st Cir. 1996)
(explaining that the court of appeals may affirm the entry of
summary judgment on any alternative ground made manifest in the
record), and find no readily ascertainable basis for affirming the
district court's order on an independent ground. Simmons' most
touted alternate argument is that the trial judge's order vacating
Reid's conviction collaterally estopped Reid from disputing the
fact that Simmons disclosed the reports to the prosecutors during
Reid's probable cause hearing. This asseveration is unpersuasive. 
The trial judge's order, examined (as it must be) in light of the
pleadings that led to it, see Caouette v. Town of New Ipswich, 484
A.2d 1106, 1113 (N.H. 1984), plainly reveals that several
prerequisites for application of collateral estoppel are lacking
(e.g., there is no identity of issues, and, in all events, the
critical issue whether Simmons' previous testimony sufficed to
disclose the exculpatory reports to the prosecutors does not
appear to have been fully and fairly litigated in the earlier
hearing on Reid's motion to vacate his conviction). Perhaps most
importantly, a prosecutor has a duty to disclose material
exculpatory evidence known to police acting in concert with the
prosecutor whether or not the prosecutor, himself, succeeds in
learning of the evidence. See Kyles v. Whitley, 514 U.S. 419, 437-
38 (1995); United States v. Avellino, 136 F.3d 249, 255 (2d Cir.
1997); Carriger v. Stewart, 132 F.3d 463, 479-80 (9th Cir. 1997),
cert. denied, 118 S. Ct. 1827 (1998); Smith v. Secretary of Dep't
of Correction, 50 F.3d 801, 824 (10th Cir. 1995). Consequently, a
finding that Simmons disclosed the exculpatory reports to the
prosecutors was not a necessary prerequisite to the judgment
vacating Reid's conviction. Therefore, an essential element for
the application of collateral estoppel is missing.
We need go no further. Simmons' other arguments are even
less convincing, and none requires comment at this stage of the
case. Accordingly, we vacate the judgment for defendant Simmons on
Reid's claim that he failed to disclose the exculpatory police
reports to the prosecutors, in derogation of Reid's right to due
process, and remand for further proceedings in the district court. 
We affirm the judgment for Simmons in all other respects, and we
affirm the judgment for all other defendants in all respects. All
parties will bear their own costs.

So Ordered.